IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH SAUL STEWARD,

    Plaintiff,

v.                                                                           No. 23-cv-00505-KWR-SCY

BENJAMIN CROSS, KEVIN SPEARS,
NATASHA PATEL, SANDRA GALLAGHER,

    Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

THIS MATTER is before the Court on Plaintiff Joseph Saul Steward's *pro se* Complaint for Violation of Civil Rights. (Doc. 1) (the "Complaint"). When he commenced this lawsuit, Steward was incarcerated in the Curry County Detention Center. (Doc. 1 at 1). He is proceeding *in forma pauperis*. (Doc. 5). Steward's claims, brought under 42 U.S.C. § 1983, arise from alleged violations of his Sixth Amendment due process rights in a criminal proceeding against him in state court. Having reviewed the Complaint and the relevant law pursuant to the screening requirement of 28 U.S.C. § 1915A, the Court finds that the Complaint must be dismissed for failure to state a claim upon which relief can be granted. Steward will be granted an opportunity to amend.

**I.**     **Background**

The following facts are taken from the allegations in the Complaint and, for the purposes of this Memorandum Opinion and Order, are assumed true.

In May 2022, Steward was in pretrial detention in Curry Count Detention Center. (Doc. 1 at 5). He drafted a motion and notices seeking reconsideration of Hon. Benjamin Cross's pretrial detention order and, apparently, a rehearing. (Doc. 1 at 5). He used the detention center's certified

mail system to deliver the documents to Natasha Patel, Sandra Gallagher, and Kevin Spears. Patel was the state's prosecutor, Gallagher was Steward's defense attorney, and Spears was the Clerk of the New Mexico's Ninth Judicial District Court. (Doc. 1 at 4). Spears was responsible for Judge Cross's calendar, and apparently was an intermediary between criminal defendants and the presiding judge, as Steward alleges he was prohibited from directly contacting the judge and therefore had to communicate with him through Spears. (Doc. 1 at 4). He also emailed the documents to his defense attorney (Gallagher) notifying her of his intent to file them on the state court's docket. (Doc. 1 at 5). No one responded or took any action on Steward's motion and Gallagher never advised him of its status. (Doc. 1 at 4). Steward maintains that he had a right to reconsideration and a rehearing on the issue of his pretrial detention pursuant to a state procedural rule. (Doc. 1 at 3, 4). Based the alleged violation of that right, he seeks monetary damages and, apparently an injunction requiring the New Mexico Supreme Court to comply with varied directives set forth in the Complaint. (Doc. 1 at 5). Steward sues Judge Cross and Spears in their individual and official capacities. (Doc. 1 at 2). He sues Patel and Gallagher in their official capacities. (Doc. 1 at 3).

## II.   Analysis

### 1.   Screening Standards

As Steward is proceeding *pro se* in this civil action against government officials, the Complaint must be screened under 28 U.S.C. § 1915A. The Court must dismiss a complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1). A pleading that states a claim for relief must contain. a short and plain statement showing that the pleader is entitled to relief, Federal Rule of Civil Procedure 8(a)(2), and it must contain "sufficient factual matter, accepted as true, to state a claim. . . that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim has facial plausibility when the facts alleged in the complaint support the Court's reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

Because he is *pro se*, the Court construes Plaintiff's pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (discussing the Court's construction of *pro se* pleadings). This means that "if the court can reasonably read the pleadings to state valid claim on which [he] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction or his unfamiliarity with pleading requirements." *Id.* It does not mean, however, that the court will "assume the role of advocate for the pro se litigant." *Id.*

## 2. Section 1983 Pleading Standards

42 U.S.C. § 1983 allows a person whose federal rights have been violated by state or local officials "acting under color of state law" to sue those officials. A § 1983 claim is comprised of two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trustees of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). Additionally, a plaintiff must make it clear in his complaint "exactly *who* is alleged to have done what to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, distinguished from collective allegations against" defendants, generally. *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

## 3. Steward's Official Capacity Claims.

Plaintiff's claim against Patel in her official capacity is, in effect, a claim against the Sixth

3

Judicial District Attorney's office. *See Glaser v. City & Cnty. of Denver, Colo.*, 557 F. App'x 689, 706 (10th Cir. 2014) (An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). Absent a waiver of sovereign immunity, and none is shown here, this claim is barred by the Eleventh Amendment. *Id.*; *see Macias v. Griffin*, 612 F. App'x 532, 534 (10th Cir. 2015) ("Dismissal of the claims against the district attorney's office was . . . appropriate because it is a state office that is both protected by the Eleventh Amendment and not subject to suit under § 1983."); *Jackson v. New Mexico Pub. Defs. Off.*, 361 F. App'x 958, 962 (10th Cir. 2010) ("[T]he office of the district attorney . . . is protected from suit by the Eleventh Amendment."); *Vacek v. Court of Appeals, Santa Fe, N.M.*, 325 F. App'x. 647, 649 (10th Cir.2009) ("[T]he New Mexico courts and agencies [including the Second Judicial District Attorney's Office] . . . are not entities against which . . . § 1983 . . . claims may be lodged given Eleventh Amendment immunity.").

Plaintiff's claims against Judge Cross and Kevin Spears in their official capacities are also barred by the Eleventh Amendment because they are effectively claims against the state itself. *See Ely v. Hill*, 35 F. App'x 761, 764 (10th Cir. 2002) ("[A]claim for compensation against [a state judge] is in reality a claim against the state itself[.]"); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984) ("[A] claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment.").

Regarding Steward's claims against his defense attorney, it is not clear from the complaint that Gallagher is a state official subject to "official capacity" lawsuits. In any event, "it is well established that neither private attorneys nor public defenders act "under color of state law" for purposes of § 1983 when performing their traditional functions as counsel to a criminal defendant." *Dunn v. Harper Cnty.*, 520 F. App'x 723, 725–26 (10th Cir. 2013) (collecting cases).

4. <u>Steward's Personal Capacity Claims</u>.

Steward's claims against Judge Cross and Kevin Spears in their personal capacities are barred by the doctrine of judicial immunity. *Ely*, 35 F. App'x at 764 ("[J]udicial immunity . . . applies only to personal capacity claims."). That is, for action a judge takes in their judicial capacity, they are immune from lawsuits for damages unless the action was taken "in the complete absence of . . . jurisdiction[.]" *Id.* Judicial immunity extends even to actions taken by a judge "in bad faith, with malice, or in furtherance of a conspiracy[,]" *id.*, and "even if his exercise of authority is flawed by the commission of grave procedural errors." *Moss v. Kopp*, 559 F.3d 1155, 1163 (10th Cir. 2009) (internal quotation marks and citation omitted). "In the context of judicial immunity from claims for damages, when a court clerk assists a court or a judge in the discharge of judicial functions, the clerk is considered the functional equivalent of the judge and enjoys derivative immunity." *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1247 (10th Cir. 2007) (collecting cases). The United States Supreme Court and the Tenth Circuit recognize that this may occasionally result in unfairness and injustice to a litigant, but they uphold judicial immunity as paramount to the proper administration of justice because it allows judicial officers to adjudicate matters before them without apprehension of personal consequences. *Mireles v. Waco*, 502 U.S. 9, 10 (1991); *Ely*, 35 F. App'x at 764–65.

Here, Steward alleges that Judge Cross was the presiding judge at the pretrial detention stage of the criminal proceedings against him. As Judge Cross unequivocally had jurisdiction over the matter of Steward's request for reconsideration and/or rehearing on the issue of Steward's pretrial detention, Steward's claim against Judge Cross is barred by the doctrine of judicial immunity and, by extension, so is Steward's claim against Spears. *Moss*, 559 F.3d at 1163; *Trackwell*, 472 F.3d at 1247.

### 5. Steward's Request for Injunctive Relief

Separately from monetary damages, Steward asks this court to direct the New Mexico Supreme Court to take certain nebulous actions, including to "quit spanking the hands of the Ninth Judicial District Court," to recognize and remediate alleged corruption in that court, and to force the court to leave Steward alone to pursue happiness. (Doc. 1 at 5). The Court construes this as a request for injunctive relief. *New Mexico v. Trujillo*, 813 F.3d 1308, 131819 (10th Cir. 2016) (defining "an injunction broadly as 'an equitable decree compelling obedience under the threat of contempt'; and recognizing that interpreting whether an order expressly issues an injunction depends on the substance of the motion and order). In some circumstances, injunctive relief is available in § 1983 claims against the state, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989), but the Court's authority to direct the state courts through an injunction is limited to circumstances in which it is necessary to "ensure the effectiveness and supremacy of federal law." *Chick Kam Choo v. Exxon Corp.*, 486 US 140, 146 (1988). Relief of the nature sought by Steward, if available, may be pursued in the state appellate courts and ultimately the Supreme Court of the United States. *Id.* Such relief will not be granted in this case.

### Conclusion

Generally, *pro se* plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless the amendment would be futile. *Hall*, 935 F.2d at 1109. As pled, the claims in the Complaint are barred as a matter of law. If Steward nevertheless believes that he has a viable claim for relief, he may file an amended complaint within thirty days of the entry of this Memorandum Opinion and Order. If he declines to timely amend, the Court may dismiss this case with prejudice.

**IT IS ORDERED** that the Complaint **(Doc. 1)** is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint within thirty days of the entry of this Memorandum Opinion and Order. Failure timely file an amended complaint may result in dismissal of this case without further notice.

    /S/ KEA W. RIGGS
UNITED STATES DISTRICT JUDGE