IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH SAUL STEWARD,

    Plaintiff,

v.                                                                         No. 23-cv-0505-KWR-SCY

BENJAMIN CROSS, *et al,*

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court following Plaintiff Joseph Saul Steward's failure to file an amended complaint as directed. Plaintiff was incarcerated when this case was filed and is proceeding *pro se* and *in forma pauperis.* The original Complaint (Doc. 1) raises 42 U.S.C. § 1983 claims against State District Judge Benjamin Cross; Clerk of Court Kevin Spears; District Attorney (D.A.) Natasha Patel; and Defense Attorney Sandra Gallagher. Plaintiff alleges those Defendants failed to appropriately respond to/process his motions for reconsideration and to challenge pretrial detention. The details of the claims are somewhat unclear; at a minimum, Plaintiff contends Defendants violated his due process rights in connection with those filings. The original Complaint seeks at least $200,000 in money damages and injunctive relief.

    By a ruling entered May 17, 2024, the Court screened the original Complaint and determined it fails to state a cognizable 42 U.S.C. § 1983 claim. *See* Doc. 7 (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of prisoner complaints against government officials). The Screening Ruling explains that, for various reasons, Plaintiff cannot recover damages under § 1983 from the judge, court executive, or prosecutor involved in his state criminal proceeding. *See* Doc. 7 (addressing individual and official capacity claims); *see also*

*Mireles v. Waco*, 502 U.S. 9, 11 (1991) (addressing immunity of judges); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (addressing immunity of prosecutors); *Sawyer v. Gorman*, 317 Fed. App'x. 725, 728 (10th Cir. 2008) (addressing immunity of court clerks).  The claims against Judge Cross, Clerk of Court Spears, and D.A. Patel therefore fail.  Similarly, Gallagher cannot be sued under § 1983 because defense attorneys do not act under color of state law.  *See Polk Cty. v. Dodson*, 454 U.S. 312, 316-318 (1981).  The Screening Ruling further explains that the exact nature of Plaintiff's request for relief is unclear.  Plaintiff appears to request an injunction that ends "corruption" and "servitude," for example, which is not actionable.  *See* Doc. at 5.

Based on the above deficiencies, the Court dismissed the original Complaint (Doc. 1) but *sua sponte* invited Plaintiff to amend his claims within thirty (30) days.  Plaintiff was warned that the failure to timely comply may result in dismissal of this case without further notice.  *See* Doc. 7 at 6-7.  The deadline to file an amended complaint expired no later than June 17, 2024.   Plaintiff did not amend, show cause for such failure, or otherwise respond to the Screening Ruling.

Courts have the option to dismiss claims with prejudice where, as here, a plaintiff fails to file a plausible amendment following entry of the initial screening ruling.  *See Novotny v. OSL Retail Servs. Corp.*, 2023 WL 3914017, at *1 (10th Cir. June 9, 2023) (affirming dismissal with prejudice where the district court rejected a "claim [under Rule 12(b)(6)] but gave [plaintiff] leave to amend, cautioning that failure to allege a plausible claim would result in … [such a] dismissal"). Because the claims and the request for relief are somewhat unclear, it would be difficult to discern which claims are barred following a dismissal with prejudice.  The Court will therefore dismiss this case without prejudice.  Plaintiff is reminded that he should file a 28 U.S.C. § 2241 petition, if he wishes to challenge pretrial custody.

**IT IS ORDERED** that this case, including each claim in Plaintiff's original Prisoner Civil Complaint (**Doc. 1**) is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

**SO ORDERED**.

_____/S/_____
HON. KEA RIGGS
UNITED STATES DISTRICT JUDGE